> Where plaintiff, a servant of defendant, was injured, while not working and while standing or sitting very close to a passing engine, by being burned by steam and hot water emitted from the engine, and it did not appear that the discharge of steam and hot water was excessive in amount, or made other than in the usual and ordinary manner, or that the person in charge of the engine saw plaintiff, or could have seen him in the exercise of ordinary care, plaintiff was not entitled to recover.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Palvo Valvo against the New York, New Haven & Hartford Railroad Company.   From a judgment for plaintiff, defendant appeals.   Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

William Greenough, for appellant.

Hobart S. Bird, for respondent.

PER CURIAM.   This is an action to recover damages for personal injuries, which the plaintiff claims he sustained through the negligence of the defendant.   The plaintiff was employed to work in the yard of the defendant at Forty-Second street.   The testimony showed that at the time of the accident the plaintiff was not working.   Some of the witnesses testified that he was standing, leaning on his shovel, so as to permit the engine to pass.   Other witnesses testified, that he was sitting on a board over the "third rail," which was very close to the track over which the engine was passing.   All of the witnesses agreed that the plaintiff was very close to the engine.   While passing the plaintiff, the engine emitted steam and hot water, which burned the plaintiff on the back.   There was no proof that the steam and hot water discharged was excessive in amount, or that the discharge was made other than in the usual and ordinary manner, or that the person in charge of the engine saw the plaintiff, or that he could have seen him in the exercise of ordinary care.   The testimony did not establish the plaintiff's freedom from contributory negligence, nor did it prove the negligence of the defendant.   The motion to dismiss the complaint should have been granted, and the judgment recovered should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

---

### NEIDENBERG v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Term.   June 27, 1907.)

CARRIERS—ASSAULT ON PASSENGER—EVIDENCE.

> Judgment for defendant, in an action against a street railway company for an assault and battery upon a passenger by a conductor, *held* against the weight of evidence.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Jacob Neidenberg against the Dry Dock, East Broadway & Battery Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Henry Lieb, for appellant.

William E. Weaver, for respondent.

PER CURIAM. The record discloses that the plaintiff boarded one of the cars owned and operated by the defendant at Grand and Attorney streets, in this city, and that he tendered a $2 bill to the conductor and asked for a transfer. Shortly thereafter he received the change, but not the transfer, which he again called for. He continued to ride in the car until it reached Grand street and Broadway, when he again asked the conductor for a transfer. He did not receive it. The conductor said to him: "I would not give you a transfer. Get off the car, you damned sheeny!" He then struck plaintiff in the face. There is no proof of any provocation for the assault in the record. The fact that the plaintiff was a passenger on the car, and rode to Grand street and Broadway, and that at that point he was roughly handled, is corroborated by a Miss Levine, a stranger to him, who was a passenger on the car, and who alighted at the east side crossing of Broadway and Grand street. This witness also testified that she continued to watch the car, and observed what happened at the west side of Broadway and Grand street. A doctor testified to having been called by and attending the plaintiff the same day as the accident, and also described his injuries. While he seems to have made more visits to plaintiff than the nature of the injuries required, still his testimony corroborates the evidence of the plaintiff as to the existence of the injuries. The plaintiff is a foreigner, and his evidence is somewhat confused, but not so inherently improbable as to call for disbelief. At the close of the plaintiff's case a motion was made by defendant's counsel to dismiss the complaint, which the trial justice then denied. The defendant then made proof of no record of the accident, but adduced no other proof. The justice thereafter rendered judgment in favor of the defendant. The judgment is against the weight of evidence, and should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.